### IN THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TENNESSEE

Likisha Clark,

    Plaintiff,                                               **Case: 2:18-cv-2676**

    v.

City of Memphis,
Garrett O'Brien, individually, and in his capacity as an officer of the Memphis Police Department,
Stephen Westrich, individually, and in his capacity as an officer of the Memphis Police Department,
 and
Jon Alsup, individually, and in his capacity as an officer of the Memphis Police Department, Police Department,

    Defendants.

**A JURY IS RESSPECTFULLY DEMANDED**

**Complaint**

    **COMES NOW** Plaintiff, Likisha Clark, and brings this cause of action against the named Defendants: the City of Memphis; Garrett O'Brien, individually and in his capacity as an officer of the Memphis Police Department; Stephen Westrich, individually and in his capacity as an officer of the Memphis Police Department; and Jon Alsup, individually and in his capacity as an officer of the Memphis Police Department.

    This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, equal protection, and immunity secured to

Plaintiff by the Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, and 42 U.S.C. § 1985 (2), and (3) .  In addition, this action is brought pursuant to the Tennessee Governmental Tort Liability Act.  This action also involves false arrest, false imprisonment, and malicious prosecution.

## I.        Jurisdiction And Venue

1. Plaintiff is a citizen of the state of Tennessee, residing in Memphis, Tennessee, Shelby County, and has been a resident continuously, and at all relevant times involving this matter.

2. Defendant, City of Memphis, is responsible for the administration and governance of the Memphis Police Department, which is located in Shelby County, Tennessee.

3. Defendants Garrett O'Brien, Stephen Westrich, and Jon Alsup were at all relevant times officers employed with the Memphis Police Department.

4. The facts and occurrences hereinafter set forth took place in Shelby County, Tennessee.

5. Plaintiff was arrested on June 2, 2016, and charged with: Resisting Official Detention; Operating Car With Reflectorized Windows; Disorderly Conduct; Violation of Noise Law; and Unlawful Possession of Marijuana.

6. On October 18, 2017, the charges were dismissed and expunged based on an Order entered by the Shelby County Criminal Court.

7. Therefore, jurisdiction is proper in this Court under 28 U.S.C. § 1391 and 28 U.S.C. § 1331.

8.

## II. Facts

9. On June 2, 2016, Plaintiff was in the area of Fifth Avenue and Chelsea Avenue in Memphis, Tennessee when she noticed that she was being followed by an unmarked police car.

10. At Danny Thomas Blvd. and Mill Ave, Plaintiff was pulled over by Defendant Westrich.

11. Defendant Westrich requested Plaintiff's driver's license and insurance, and Plaintiff complied.

12. Plaintiff asked why she was being pulled over, but was not given an answer.

13. Defendant Westrich then went back to his car for approximately ten minutes, before returning to Plaintiff's vehicle with a citation.

14. Defendant Westrich ordered Plaintiff out of the car, and alleged that she was being given a citation for having her music too loud.

15. Plaintiff informed Defendant Westrich that her radio did not work, and had not worked for at least four months prior to June 2, 2016.

16. Defendant Westrich never attempted to play the radio to verify that it did not work.

17. Plaintiff had no other type of musical device in the vehicle, making Defendant Westrich's assertion impossible.

18. During this encounter, Plaintiff had an open telephone line with her boyfriend, Gerald Garret.

19. Plaintiff informed Defendant Westrich that she would not sign the citation, and

would rather go to jail than to sign a lie.

20. Multiple officers then made the scene.

21. At that point, Defendant O'Brien approached Plaintiff and snatched her phone from her, insisting that she sign the citation.

22. Plaintiff refused again to sign the citation.

23. Defendant Westrich then pulled out a pair of handcuffs and placed them on Plaintiff and walked her to the backseat of the patrol car.

24. Plaintiff did not resist, and sat in the patrol car, but did not place her feet in the car initially out of fear.

25. In response, Defendant Westrich and Defendant O'Brien slammed Plaintiff's legs with the door of the patrol car.

26. Defendant Westrich, Defendant O'Brien, and Defendant Alsup then grabbed Plaintiff, while in the back of the patrol car, and pulled her through to the other side, slamming her on the ground.

27. Defendant Westrich then grabbed Plaintiff by the neck, and forced her back into the patrol car.

28. Defendant Westrich also sprayed Plaintiff in the eyes with a chemical irritant, and Plaintiff was unable to see at that point, and was having trouble breathing due to being choked, and from inhaling the chemical that was sprayed.

29. Plaintiff, at that point, was sweating profusely and crying.

30. While in this state, and unsure as to which direction she was in, Plaintiff attempted to sit up.

31. Once Plaintiff's arm extended partially out of the patrol car, Defendant Westrich, Defendant O'Brien and Defendant Alsup slammed Plaintiff's arm in the car door.

32. While this was occurring, Defendant O'Brien yelled and cursed at Plaintiff.

33. Plaintiff complained to Defendant O'Brien, Defendant Westrich, and Defendant Alsup of injuries, and an ambulance was eventually called.

34. Although Plaintiff was choked, had trouble breathing, and had the patrol car door slammed on her arm and legs, no Response to Resistance Report was completed as required, prior to the end of the shift of any of the officers, which includes Defendant Alsup, Defendant O'Brien, and Defendant Westrich.

35. In addition, no officers ever notified their supervisor to make the scene prior to transporting Plaintiff, which includes Defendant Alsup, Defendant O'Brien, and Defendant Westrich.

36. Defendant City of Memphis, although made aware of the conduct, supported the actions of the officers, and did not take any issue with the way in which the matter was handled by the officers, which includes Defendant Alsup, Defendant O'Brien, and Defendant Westrich.

### a.) Tennessee Governmental Tort Liability Act

37. Plaintiff incorporates all previous paragraphs as if restated verbatim.

38. T.C.A. 29-20-201(a) generally provides municipalities and governmental entities with immunity from suit.

39. However, based on the conduct of the governmental employees and pursuant to T.C.A. 29-20-205 (1) (2), the Tennessee Governmental Tort Liability Act immunity is

removed from the city of Memphis.

### b.) 42 U.S.C. 1983

40. Plaintiff incorporates all previous paragraphs as if restated verbatim.

41. Defendant, City of Memphis, has failed to provide adequate training or supervision for its police officers and that this failure has become a custom that has resulted in repeated and substantial racial profiling, and unconstitutional detentions and arrests against the citizens of Memphis.

42. Defendant, City of Memphis was aware of the conduct that the officers engaged in, and was aware of how that conduct would lead to the types of injuries in which Plaintiff has suffered.

43. However, the City of Memphis chose not to take remedial action or provide adequate training, supervision, or discipline for its police officers, and these failures were the proximate cause of Plaintiff's injuries.

44. Furthermore, the City of Memphis understood the conduct as described in this Complaint to be routine, and the conduct was supported by the City of Memphis.

45. Once being made aware of this incident in particular, and being made of several inconsistencies by the officers involved, when trying to explain what occurred, the City of Memphis entered into no investigation, and has supported the actions of the officers.

46. Defendant O'Brien, Defendant Westrich and Defendant Alsup, while acting under the color of the law, intentionally, recklessly, and negligently violated Plaintiff's Constitutional rights in that she was arrested without reasonable suspicion or probable

cause, and suffered from the use of excessive force.

47. Defendant O'Brien, Defendant Westrich and Defendant Alsup, while acting under the color of the law, intentionally, recklessly, and negligently violated Plaintiff's Constitutional rights when they gave false statements during the investigation of this matter that Plaintiff was never assaulted, thrown to the ground, or injured.

48. Defendant O'Brien, Defendant Westrich and Defendant Alsup, while acting under the color of the law, intentionally, recklessly, and negligently violated Plaintiff's Constitutional rights when they knew that there was never any noise violation by Plaintiff, and although taking her vehicle into evidence, never justified how loud music was coming out of a radio that was inoperable.

49. Defendant O'Brien, and Defendant Westrich, while acting under the color of the law, intentionally, recklessly, and negligently violated Plaintiff's Constitutional rights when they gave untruthful court testimony, causing Plaintiff to be further prosecuted by the State of Tennessee.

50. Defendant O'Brien, Defendant Westrich and Defendant Alsup, while acting under the color of the law, intentionally, recklessly, and negligently allowed Plaintiff to be treated in a degrading and humiliating manner, causing physical and emotional injuries.

### c.) <u>42 U.S.C. 1985</u>

51. Plaintiff incorporates all previous paragraphs as if restated verbatim.

52. Defendants were aware of the conduct which occurred, and conspired to deprive Plaintiff, an African American woman, of equal protection under the law, as afforded

to her under the Constitution.

53. Defendants conspired, for the purpose of depriving Plaintiff, and African American woman, with equal protection when they caused her to be detained and arrested without any reasonable suspicion or probable cause.

54. Defendants conspired, for the purpose of depriving Plaintiff, and African American woman, with equal protection when they either testified untruthfully, or allowed untruthful testimony to stand uncorrected, in order to further prosecute Plaintiff.

55. Defendants created this environment in order to secure a conviction against Plaintiff.

### d.) **Fraudulent Misrepresentation**

56. Plaintiff incorporates all previous paragraphs as if restated verbatim.

57. Defendant O'Brien, and Defendant Westrich knowingly and intentionally provided untruthful testimony to justify the unlawful search, detention, and arrest of Plaintiff.

### e.) Negligence

58. Plaintiff incorporates all previous paragraphs as if restated verbatim.

59. The City of Memphis failed to provide adequate training or supervision of its officers, including the other Defendants, and this failure to train or supervise has resulted in repeated and substantial racial profiling, unlawful arrests, and false imprisonments.

60. The City of Memphis owes a duty to its citizens and all parties present in the City,

to protect them from unlawful arrests and detentions.

61. This duty was breached when the City improperly trained and improperly supervised its officers.

62. Defendant O'Brien, Defendant Westrich and Defendant Alsup while acting under the color of state law, intentionally, recklessly, and negligently violated Plaintiff's Constitutional rights by arresting Plaintiff without probable cause.

63. Defendant O'Brien, Defendant Westrich and Defendant Alsup had a duty to make sure that there was a sufficient legal basis to detain Plaintiff, and not to use unjustified and unwarranted force against her.

64. Instead, Defendant O'Brien, Defendant Westrich and Defendant Alsup assaulted Plaintiff and caused her to be arrested under false pretenses.

### f.) **Malicious Prosecution**

65. Plaintiff incorporates all previous paragraphs as if restated verbatim.

66. Defendant O'Brien, Defendant Westrich and Defendant Alsup were all involved in causing Plaintiff to be arrested and charged.

67. Defendant O'Brien, Defendant Westrich and Defendant Alsup all remained actively involved, and assisted in having the case against Plaintiff go forward through the court system.

68. Defendant O'Brien and Defendant Westrich also provided untruthful testimony against Plaintiff in an attempt to secure a conviction against Plaintiff.

69. This conduct caused physical and emotional injuries to Plaintiff.

70. Plaintiff was detained and placed into jail and treated as a criminal, based on

allegations that were not true, and known to be false when made by Defendant O'Brien, Defendant Westrich and Defendant Alsup.

### g. False Arrest and False Imprisonment

71. Plaintiff incorporates all previous paragraphs as if restated verbatim.

72. On June 2, 2016, Plaintiff was arrested by Defendant O'Brien, Defendant Westrich and Defendant Alsup, against her will and without any justification.

73. In detaining Plaintiff, Defendant O'Brien, Defendant Westrich and Defendant Alsup were engaged in the regular course of, and within the scope of their employment with the Memphis Police Department.

74. As such, the City of Memphis is vicariously liable for the actions of the officers.

### III.   Prayer For Relief

Plaintiff incorporates by reference, as if fully set forth verbatim, each and every allegation in the Complaint.

Based on the conduct of Defendants, it is clear that Defendants have acted intentionally, fraudulently, and maliciously.

Plaintiff was incarcerated, and forced to spend money associated with legal fees and expenses in order to prove her innocence. Plaintiff has clearly suffered embarrassment, indignity, disgrace, and shame. Defendants conduct was intentional, and without any regard for Plaintiff's emotional health, or her freedom.

**WHEREFORE**, Premises Considered:

1. Plaintiff sues Defendants for injuries caused by Defendants, as spelled out above, and prays for a judgment against Defendants for compensatory damages in an amount

    considered fair and reasonable by a jury, not to exceed One Million Dollars ($1,000,000), and for all such further relief, both general and specific, to which Plaintiff may be entitled under the premises.

2. Plaintiff sues Defendants for injuries caused by Defendants, in its fraudulent and intentional conduct, and prays for a judgment against Defendants in an amount considered fair and reasonable by a jury, not to exceed One Million Dollars ($1,000,000) in punitive damages.

                                              Respectfully Submitted,

                                                     _s/Terrell Tooten__
                                                             BPR 028506
                                      1160 Vickery Ln, Suite 2
                                                Cordova, TN, 38016
                                          (901) 304-8539 office
                                             (901) 347-8776 fax
                              attorneyterrelltooten@gmail.com