## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| LIKISHA CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | )     Case No. 2:18-cv-02676-JPM-dkv |
| v. | ) |
| | ) |
| CITY OF MEMPHIS, GARRETT | ) |
| O'BRIEN, Individually and in his capacity | ) |
| as an officer of the Memphis Police | ) |
| Department, STEPHEN WESTRICH, | ) |
| Individually and in his capacity as an officer | ) |
| of the Memphis Police Department, and | ) |
| JON ALSUP, Individually and in his | ) |
| capacity as an officer of the Memphis Police | ) |
| Department, | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT OFFICERS' RENEWED MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendants Garrett O'Brien, Stephen Westrich and Jon Alsup's (collectively, "the Defendant Officers") Renewed Motion for Summary Judgment, filed on November 30, 2020. (ECF No. 79.) The Defendant Officers move the Court pursuant to Fed. R. Civ. P. 56(c) for summary judgment on Plaintiff's only remaining claim: malicious prosecution against the Defendant Officers. (See generally id.) The Defendant Officers argue that the initial traffic stop of Plaintiff was reasonable and there was no constitutional violation to support a claim for malicious prosecution under 42 U.S.C. § 1983. (Id.) The Defendant Officers assert the defense of qualified immunity. (Id. at PageID 681–82.)

Plaintiff filed a Response in Opposition on December 2, 2020. (ECF No. 80.) Plaintiff argues that that she was stopped illegally and that the Defendant Officers had no evidence supporting any of Plaintiff's charges. (See generally id.)

The Defendant Officers filed a Reply on December 22, 2020. (ECF No. 83.) The Defendant Officers reiterate their argument that the focus of the malicious prosecution claim is the legal basis for the initial stop and that, because Officers O'Brien and Alsup were not involved in the initial stop, the malicious prosecution claim against them should be dismissed. (Id. at PageID 716.) As to the malicious prosecution claim against Officer Westrich, the Defendant Officers argue that Officer Westrich had both reasonable suspicion and probable cause for the initial traffic stop. (Id. at PageID 717–19.)

For the reasons set forth below, the Defendant Officers' Renewed Motion for Summary Judgment is **GRANTED** as to Defendant Officers Alsup and O'Brien and **DENIED** as to Defendant Officer Westrich.

## I.       BACKGROUND

### A. Factual Background

On June 2, 2016, Officer Westrich initiated a traffic stop of Plaintiff's vehicle, purportedly for playing her music too loud. (Memorandum of Material Facts ("MMF"), ECF No. 79-2 ¶¶ 1–2; see also Compl., ECF No. 1 ¶¶ 5, 14 & Plaintiff's Civilian Complainant Statement ("Plaintiff's Statement"), ECF No. 59-4 at PageID 446.) Officer Westrich issued Plaintiff a citation for "loud playing of radios." (See Ordinance Summons, ECF No. 59-1.) Plaintiff refused to sign the citation, advising that she would rather go to jail than to sign a lie. (MMF, ECF No. 79-2 ¶ 3; see also Plaintiff's Response to MMF, ECF No. 80-1 ¶ 3.) Officer O'Brien arrived on the scene while Officer Westrich was attempting to get Plaintiff to sign the

citation.  (MMF, ECF No. 79-2 ¶ 4; see also Compl., ECF No. 1 ¶ 21; Preliminary Hearing

Transcript ("Tr."), ECF No. 54-3 at PageID 347:9-20, 353:3-24.)   Officer O'Brien told

Plaintiff that if she did not sign the citation, she would go to jail.  (MMF, ECF No. 79-2 ¶ 5;

see also Plaintiff's Response to MMF, ECF No. 80-1 ¶ 5; Tr., ECF No. 54-3 at PageID 347:9-

20, 353:3-24.)  When Plaintiff continued to refuse to sign, she was handcuffed and placed in

the back of a police vehicle.  (MMF, ECF No. 79-2 ¶ 5.)  Plaintiff alleges that the Defendant

Officers utilized excessive force against her in the process of securing her inside the vehicle.

(Id. ¶ 6; see also Plaintiff's Response to MMF, ECF No. 80-1 ¶¶ 5–6 & Compl., ECF No. 1 ¶¶

24–32.)

On August 15, 2016, the General Sessions Criminal Court of Tennessee for the

Thirtieth Judicial District at Memphis held a probable cause preliminary hearing regarding the

criminal charges against Plaintiff.  (MMF, ECF No. 79-2 ¶ 7.)  Officers Westrich and O'Brien

testified, but Officer Alsup did not.  (Id. ¶¶ 8–9.)  The General Sessions judge found that there

was probable cause[1] as to Plaintiff's charges of resisting official detention, operating a car

with an unauthorized tinted  window, disorderly conduct, and violation of the noise law.  (Id.

¶ 10; see also Tr., ECF No. 54-3 at PageID 361:11-18.)  By October 18, 2017, all charges

against Plaintiff were dismissed and the matter was expunged.  (Id. ¶¶ 12–13.)

At the Preliminary Hearing, Officer Westrich testified that he "observed a dark color

Lexus going past [him]…, with loud music coming from the vehicle" and that there were no

other cars in the area.  (Tr., ECF No. 54-3 at PageID 335:1-5.)  He testified that by the time

the vehicle pulled over, the music was off.  (Id. at PageID 336:9-10.)  Officer Westrich also

[1] Although Plaintiff disputes this fact in the Defendant Officers' Memorandum of Material Facts (see Plaintiff's Response to MMF, ECF No. 80-2 ¶ 10), the Preliminary Hearing Transcript shows that the judge did find probable cause as to all of the charges against Plaintiff except a marijuana charge.  (Tr., ECF No. 54-3 at PageID 361:11-18.)  Although Plaintiff is correct that a finding of probable cause is not a dispositive ruling that she violated the law, it is undisputable that the General Sessions judge found probable cause.  (Id.)

3

testified that Plaintiff informed him that her radio did not work.  (Id. at PageID 345:4-5.)  He did not check the radio to confirm whether it worked.  (Id. at PageID 345:6-20.)

### B.  Procedural Background

Plaintiff filed her Complaint against the Defendant Officers and the City of Memphis on September 30, 2018, claiming that her Fourth and Fourteenth Amendment rights were violated under 42 U.S.C. §§ 1983 & 1985 and asserting claims for fraudulent misrepresentation, negligence, malicious prosecution, false arrest, and false imprisonment. (See generally Compl., ECF No. 1.)  On the Defendants' Motions to Dismiss, the Court dismissed all of Plaintiff's claims except her malicious prosecution claims under § 1983 and her fraudulent misrepresentation claim under state law.  (See generally ECF No. 41.)

On December 10, and December 12, 2019, this Court granted the Defendants' Motions for Summary Judgment on Plaintiff's remaining claims.  (ECF Nos. 67 & 68.)  Plaintiff appealed this Court's dismissal of her malicious prosecution claim against the City and the Defendant Officers and her fraudulent misrepresentation claim against the Officers.  (ECF No. 70.)  The Sixth Circuit affirmed the dismissal of Plaintiff's malicious prosecution claim against the City and her fraudulent misrepresentation of the claim against the Defendant Officers, but reversed this Court's judgment as to Plaintiff's malicious prosecution claim against the Defendant Officers.  (Sixth Circuit Order, ECF No. 73.)

On November 30, 2020, the Defendant Officers filed a Renewed Motion for Summary Judgment.  (ECF No. 79.)  Plaintiff filed her Response on December 2, 2020 and the Defendant Officers filed their Reply on December 21, 2020.  (ECF Nos. 80–81.)  The Defendant Officers filed Amended Replies on December 22, 2020.  (ECF Nos. 82–83.) Plaintiff's Response incorporates ECF No. 58-2.  (ECF No. 80 at PageID 689.)

## II.   LEGAL STANDARD

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012).

"In considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the nonmoving party." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." Mosholder, 679 F.3d at 448–49; see also Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.  "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." Martinez v. Cracker Barrel Old Country Store, Inc., 703 F.3d 911, 914 (6th Cir. 2013) (quoting Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012) (en banc)) (internal quotation marks omitted); see also Kalich v. AT&T Mobility, LLC, 679 F.3d 464, 469 (6th Cir. 2012).

In order to "show that a fact is, or is not, genuinely disputed," both parties must do so by "citing to particular parts of materials in the record," "showing that the materials cited do not establish the absence or presence of a genuine dispute," or showing "that an adverse party

5

cannot produce admissible evidence to support the fact."   Bruederle, 687 F.3d at 776

(alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)); see also Mosholder, 679 F.3d at

448 ("To support its motion, the moving party may show 'that there is an absence of evidence

to support the nonmoving party's case.'" (quoting Celotex, 477 U.S. at 325)).   "Credibility

determinations, the weighing of the evidence, and the drawing of legitimate inferences from

the facts are jury functions, not those of a judge[.]"   Martinez, 703 F.3d at 914 (alteration in

original) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).   "The court

need consider only the cited materials, but it may consider other materials in the record."  Fed.

R. Civ. P. 56(c)(3).   "[T]he district court has no 'duty to search the entire record to establish

that it is bereft of a genuine issue of material fact.'"  Pharos Capital Partners, L.P. v. Deloitte

& Touche, 535 F. App'x 522, 523 (6th Cir. 2013) (per curiam) (quoting Tucker v. Tennessee,

539 F.3d 526, 531 (6th Cir. 2008), *abrogation recognized by* Anderson v. City of Blue Ash,

798 F.3d 338 (6th Cir. 2015)).

The decisive "question is whether 'the evidence presents a sufficient disagreement to

require submission to a [fact finder] or whether it is so one-sided that one party must prevail

as a matter of law.'"  Johnson v. Memphis Light Gas & Water Div., 777 F.3d 838, 843 (6th

Cir. 2015) (quoting Liberty Lobby, 477 U.S. at 251–52).   Summary judgment "'shall be

entered' against the nonmoving party unless affidavits or other evidence 'set forth specific

facts showing that there is a genuine issue for trial.'"  Rachells v. Cingular Wireless Employee

Services, LLC, No. 1:08 CV 02815, 2012 WL 3648835, at *2 (N.D. Ohio Aug. 23, 2012)

(quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 884 (1990)).   "[A] mere 'scintilla' of

evidence in support of the non-moving party's position is insufficient to defeat summary

judgment; rather, the non-moving party must present evidence upon which a reasonable jury

could find in her favor." Tingle v. Arbors at Hilliard, 692 F.3d 523, 529 (6th Cir. 2012) (quoting Liberty Lobby, 477 U.S. at 251). "[I]n order to withstand a motion for summary judgment, the party opposing the motion must present 'affirmative evidence' to support his/her position." Mitchell v. Toledo Hosp., 964 F.2d 577, 584 (6th Cir. 1992) (citing Liberty Lobby, 477 U.S. at 247–254; Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)). "[C]onclusory assertions, unsupported by specific facts made in affidavits opposing a motion for summary judgment, are not sufficient to defeat a motion for summary judgment." Rachells, 2012 WL 3648835, at *2 (quoting Thomas v. Christ Hosp. and Med. Ctr., 328 F.3d 890, 894 (7th Cir. 2003)). Statements contained in an affidavit that are "nothing more than rumors, conclusory allegations and subjective beliefs" are insufficient. See Mitchell, 964 F.2d at 584–85.

## III.   ANALYSIS

Because the Defendant Officers have asserted the defense of qualified immunity, Plaintiff has the burden of demonstrating that the Defendant Officers are not entitled to qualified immunity. Burgess v. Fischer, 735 F.3d 462, 472 (6th Cir. 2013). To do so, Plaintiff must demonstrate that the Defendant Officers violated her constitutional rights and that those constitutional rights were clearly established at the time of the alleged violation. See Bailey v. City of Ann Arbor, 860 F.3d 382, 385 (6th Cir. 2017).

Plaintiff's sole remaining claim of a constitutional violation in this case is her Fourth Amendment malicious prosecution claim. To succeed on a malicious prosecution claim, Plaintiff must prove that: "(1) the defendant 'made, influenced, or participated in the decision to prosecute'; (2) the government lacked probable cause; (3) the proceeding caused the plaintiff to suffer a deprivation of liberty; and (4) the prosecution ended in the plaintiff's

favor." Lester v. Roberts, 986 F.3d 599, 606 (6th Cir. 2021) (citing Jones v. Clark Cnty., 959 F.3d 748, 756 (6th Cir. 2020)).

Neither Party disputes that the prosecution proceedings caused Plaintiff to suffer a deprivation of liberty or that the prosecution ended in Plaintiff's favor. The Defendant Officers' primary argument is that there was probable cause for the criminal prosecution and that therefore Plaintiff's claim must fail. (See generally ECF No. 79.) The Defendant Officers further argue that because neither Officer O'Brien nor Officer Alsup were present for the initial traffic stop, Plaintiff's claim against them must fail. (Id. at PageID 676, 782.) The Court interprets that argument as alleging that neither Officer O'Brien nor Officer Alsup participated in or influenced the decision to prosecute. The Court will address the Defendant Officers' arguments in turn.

This Court has previously held that the "criminal proceeding" in this case began when Officer Westrich first stopped Plaintiff. (ECF No. 41 at PageID 165.) If there was no reasonable suspicion or probable cause for the initial stop, then the Defendant Officers' reliance on Tenn. Code Ann. § 40-7-118(b)(1) (permitting continued custody after an arrest if the suspect fails to sign a citation) is misplaced. (Id.)

Interpreting the facts in the light most favorable to the Plaintiff, a reasonable juror could find based on (1) Plaintiff's statement that her radio was not working (ECF No. 59-4 at PageID 446–47); (2) the confirmation of an ISB detective that at the time of the ISB investigation the radio in Plaintiff's vehicle was inoperable (Id. at PageID 454); and (3) Officer Westrich's testimony that no other cars could have been the source of the loud music (Tr., ECF No. 54-3 at PageID 335:1-5), that there was no loud music and Officer Westrich had no reasonable suspicion or probable cause to pull Plaintiff over. The Court finds that

there is a genuine dispute of material fact as to whether there was any loud music to justify the initial traffic stop of Plaintiff.

As to Officer Westrich, that genuine dispute of material fact precludes summary judgment. A jury reasonably crediting Plaintiff's version of the facts could find that the government lacked probable cause and that Officer Westrich made, influenced, or participated in the decision to prosecute.

"'[W]hether an officer influenced or participated in the decision to prosecute hinges on the degree of the officer's involvement and the nature of the officer's actions.'" Wright v. City of Euclid, 962 F.3d 852, 876 (6th Cir. 2020) (quoting Sykes v. Anderson, 625 F.3d 294, 311 n.9 (6th Cir. 2010)). Plaintiff is not required to show that the Defendant Officers' influenced or participated in the prosecution with malice, but "'there must be some element of blameworthiness or culpability in the participation[.]'" Id. (quoting Johnson v. Moseley, 790 F.3d 649, 655 (6th Cir. 2015)). "'[T]ruthful participation in the prosecution is not actionable.'" Id. (quoting Johnson, 790 F.3d at 655.) Although "[t]he most clear-cut way for a plaintiff to satisfy this prong is to show that the officer gave false testimony before a grand jury," "an officer can also influence or participate in the decision to prosecute by falsely prompting or urging a prosecutor's decision to bring charges in the first place." Id. (citing Webb v. United States, 789 F.3d 647, 663, 666 (6th Cir. 2015)).

Plaintiff was never indicted in this case, but Officer Westrich testified under oath at the Preliminary Hearing that he heard loud music coming from Plaintiff's vehicle and that that was his basis for pulling her over. (Tr., ECF No. 54-3 at PageID 335:1-24.) This testimony directly led the General Sessions judge to find that probable cause for Plaintiff's arrest was adequately established. (Id. at PageID 358–61.) If a jury credits Plaintiff's version of the

facts, then this testimony by Officer Westrich was false and directly contributed to the continued prosecution of Plaintiff. The Court finds that a genuine dispute of material fact precludes summary judgment on the issue of whether Officer Westrich violated Plaintiff's Fourth Amendment rights.

Plaintiff has not pointed to sufficient evidence to demonstrate that Officers O'Brien or Alsup influenced or participated in the decision to prosecute her. As to Officer O'Brien, Plaintiff's argument regarding his involvement is that he was responsible for Plaintiff's arrest, "which was done to support the false narrative that Plaintiff committed a crime." (ECF No. 80 at PageID 692.) But it is undisputed that Officer O'Brien was not present at the traffic stop until after Officer Westrich had already prepared the citation and Plaintiff had first refused to sign it; Officer O'Brien has no direct knowledge as to whether there was loud music justifying the initial stop. (See MMF, ECF No. 79-2 ¶ 4; see also Compl., ECF No. 1 ¶ 21; Tr., ECF No. 54-3 at PageID 352:22-25, 353:1-6.)

In Plaintiff's Response to the Defendant Officers' first summary judgment motion, Plaintiff primarily relies on statements Officer O'Brien made to the ISB during the investigation of Plaintiff's arrest and prosecution. (ECF No. 58-2 at PageID 430.) Whether truthful or untruthful, these statements were not made as part of Plaintiff's prosecution, but as part of a separate investigation, and cannot be considered evidence of Officer O'Brien's participation in or influence of the decision to prosecute. Johnson, 790 F.3d at 655 (defining the requirement "element of blameworthiness or culpability in the participation" in large part as false or flagrant misrepresentations to or on behalf of the prosecution). As to Officer O'Brien's testimony at the Preliminary Hearing, when viewing the facts in the light most favorable to the Plaintiff, Officer O'Brien's testimony is at worst incomplete. His testimony

regarding his arrival at the scene is undisputed.  (MMF, ECF No. 79-2 ¶ 4; see also Compl.,

ECF No. 1 ¶ 21; Preliminary Hearing Transcript ("Tr."), ECF No. 54-3 at PageID 347:9-20,

353:3-24.)  His testimony that Plaintiff was refusing to sign the citation and that he informed

her she would go to jail if she did not sign is likewise undisputed.  (MMF, ECF No. 79-2 ¶ 5;

see also Plaintiff's Response to MMF, ECF No. 80-1 ¶ 5; Tr., ECF No. 54-3 at PageID 347:9-

20, 353:3-24.)  Although Plaintiff disputes the events and the amount of force involved in

placing her in the back of the police car and taking her to the hospital, it is undisputed that she

did keep her feet outside the door at first and that she resisted being placed in the car.[2]

(MMF, ECF No. 79-2 ¶¶ 5–6; see also Plaintiff's Response to MMF, ECF No. 80-1 ¶¶ 5–6 &

Compl., ECF No. 1 ¶¶ 24–32.)

Plaintiff also alleges that Officer O'Brien's participation in her arrest alone renders

him liable for malicious prosecution.  (ECF No. 80 at PageID 692.)  But mere participation in

an arrest is not sufficient to support a malicious prosecution claim against an officer where the

officer did not knowingly lie, either in support of the arrest or in support of the prosecution.

See Meeks v. City of Detroit, 220 F. Supp. 3d 832, 839–41 (E.D. Mich. 2016) (citing Johnson,

790 F.3d at 655) (finding that the defendant officers did not participate in the prosecution of

the plaintiff where the officers were unaware of a mistake of fact supporting the arrest, failed

to double check a photo identification, and did not "press" for prosecution in a non-neutral

way), aff'd, 727 F. App'x 171 (6th Cir. 2018); see also Sykes, 625 F.3d at 314–17 (collecting

cases).

Plaintiff has pointed to no evidence supporting the conclusion that Officer O'Brien

knowingly lied, and in doing so, participated in or influenced her prosecution.  Plaintiff's

---

[2] Plaintiff disputes whether her resistance was *unlawful*, but not that she resisted, at least to some degree.
(CITE.)

strongest argument might be that Officer O'Brien did not check to see if Plaintiff's radio worked after Plaintiff told him it did not work, but even if Officer O'Brien had checked the radio and confirmed it was inoperable, he would have had no reason to doubt that Officer Westrich heard *some* loud music.  And as the Defendant Officers' correctly argue, even if Officer Westrich had been mistaken as to the source of loud music, the initial stop would have been justified as long as there was loud music and Officer Westrich would not have been obligated to discontinue the investigative stop even if he discovered that mistake.  (ECF No. 79-1 at PageID 676–78 (citing United States v. Thomas, 381 F. App'x 495, 496–98).) Although there is now a genuine dispute of material fact as to whether Officer Westrich ever heard loud music to justify the initial stop, that information is not imputable to Officer O'Brien at the time of the arrest.  The Court finds that Plaintiff has not provided sufficient evidence to demonstrate that Officer O'Brien participated in or influenced the decision to prosecute her, and therefore the Defendant Officers' Renewed Motion is **GRANTED** as to Officer O'Brien.

As to Officer Alsup's involvement in Plaintiff's prosecution, Plaintiff's argument as to his involvement in the decision to prosecute is even more tenuous.  Plaintiff points to Officer Alsup's statement that he did not hear any loud music while he was on the scene, but Officer Alsup did not arrive at the scene until after Officer Westrich had already pulled Plaintiff's vehicle over.  (See ECF Nos. 58-2 at PageID 431, 59-10 at PageID 489, & 80 at PageID 692.) Whether a jury believes Officer Westrich that there was loud music playing but that it had stopped by the time the Plaintiff pulled over or believes Plaintiff that there never was any loud music, Officer Alsup would not have heard any music by the time he arrived at the scene. Additionally, Officer Alsup did not testify at the Preliminary Hearing.  The statement Plaintiff

relies on in her Response was made during the ISB investigation; as discussed above, that investigation was separate from the prosecution of Plaintiff and even if Officer Alsup's statements during that investigation were false, they could not have influenced the decision to prosecute Plaintiff.  (See ECF No. 80 at PageID 692–93 (citing ECF No. 54-3).)

Plaintiff also argues that "Alsup testified falsely against Plaintiff to keep the prosecution going, and her vehicle was towed in order to keep the false narrative going." (ECF No. 80 at PageID 692.)  Plaintiff does not cite to any testimony under oath that Officer Alsup gave against Plaintiff, let alone any false testimony.  And it is unclear to the Court how contributing to the decision to tow Plaintiff's vehicle constitutes a blameworthy participation in or influence of the decision to prosecute Plaintiff.  The actions cited by Plaintiff, calling the wrecker and helping decide to tow the vehicle, do not involve turning over to prosecution untruthful materials or encouraging the prosecution to proceed with a case supported by falsehoods or misrepresentations.  See Meeks, 220 F. Supp. 3d at 839–41; Johnson, 790 F.3d at 655; Sykes, 625 F.3d at 314–17.  Because Officer Alsup never testified under oath in this case and because Plaintiff does not point to any evidence suggesting that Officer Alsup encouraged the prosecution to proceed with the case, this Court finds that he did not participate in the prosecution of Plaintiff and that Plaintiff's malicious prosecution claim against him must fail.  Therefore, the Defendant Officers' Renewed Motion is **GRANTED** as to Officer Alsup.

The Court has found that a genuine dispute of material fact precludes summary judgment as to whether Officer Westrich violated Plaintiff's constitutional rights, but must still address the Defendant Officers' argument that Officer Westrich acted in accordance with clearly established law.  (See ECF No. 79-1 at PageID 681–82.)  Plaintiff fails to address this

argument in her response to the Renewed Motion for Summary Judgment, but did assert in her response to the Defendant Officers' first summary judgment motion that "[a] Plaintiff's right to be free from malicious prosecution and arrest without probable cause are clearly established laws under the Fourth Amendment to the U.S. Constitution."  (ECF No. 58-2 at PageID 432 (citing Hale v. Randolph, No. 1:02-CV-334, 2004 WL 1854179, at *14 (E.D. Tenn. Jan. 30, 2004) (quoting Gardenhire v. Schubert, 205 F.3d 303, 315 (6th Cir. 2000))).)

Plaintiff is correct.  The Sixth Circuit has "explained that a police officer violates a person's clearly established right to be free from malicious prosecution – often characterized as an 'unreasonable prosecutorial seizure' – when the officer's 'deliberate or reckless falsehoods result in arrest and prosecution without probable cause.'"  Meeks v. City of Detroit, 727 F. App'x 171, 177 (6th Cir. 2018) (quoting Newman v. Twp. of Hamburg, 773 F.3d 769, 772 (6th Cir. 2014)); see also Jones, 959 F.3d at 766–68 (discussing cases and stating that the right to be free from malicious prosecution "applies in cases where the officer has falsified statements or withheld evidence and facilitated the continued detention of a plaintiff without probable cause").  A reasonable jury could find that Officer Westrich's preparation of the Ordinance Summons and testimony at the Preliminary Hearing that he heard a loud noise coming from Plaintiff's car is a falsehood based on testimony that Plaintiff's radio did not work and Officer Westrich's own testimony that there were no other cars that could have been the source of the noise.  Because a genuine dispute of material fact precludes summary judgment on the issue of whether Officer Westrich violated Plaintiff's Fourth Amendment right to be free of malicious prosecution and because Plaintiff's right to be free of malicious prosecution is clearly established law, the Defendant Officers' Renewed Motion is **DENIED** as to Officer Westrich.

## IV.    CONCLUSION

For each of the reasons set forth above, the Defendant Officers' Renewed Motion for Summary Judgment is **GRANTED** as to Officers O'Brien and Alsup and **DENIED** as to Officer Westrich.   Plaintiff's malicious prosecution claims against Officers O'Brien and Alsup are **DISMISSED WITH PREJUDICE**.   Plaintiff's malicious prosecution claim against Officer Westrich remains in the case.  The dismissals of the remainder of Plaintiff's claims were upheld by the Sixth Circuit and therefore are no longer at issue in this case.

**SO ORDERED**, this 1st day of June, 2021.

 /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE